DISTRICT OF OREGON
**F I L E D**
August 23, 2021
**Clerk, U.S. Bankruptcy Court**

Below is an opinion of the court.

DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Bryce Peltier** and **Kristine Diane Peltier**,<br><br>Debtors. | Case No. 21-30450-dwh7 |
| **Van Loo Fiduciary Services, LLC**, an Oregon Limited Liability Company, as Conservator for Leah D. Hudson and as Personal Representative of the Estate of Jon W. Hudson,<br><br>Plaintiff,<br><br>v.<br><br>**Bryce Peltier** and **Kristine Diane Peltier**,<br><br>Defendants. | Adversary Proceeding No. 21-3018-dwh<br><br>MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STAY DISCOVERY<br><br>NOT FOR PUBLICATION |

**I. Introduction**

In this action, plaintiff, Van Loo Fiduciary Services, LLC, seeks a determination of nondischargeability of a debt owed by defendants and debtors in this chapter 7 case, Bryce and

Page 1 – MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STAY etc.

Kristine Peltier.[1] Because the Peltiers share a last name, I will refer to them by their first names. Van Loo has moved for summary judgment on the claimed issue-preclusive effect of an Oregon state-court judgment in favor of Van Loo and against the Peltiers.[2]

Van Loo also seeks a stay of discovery pending determination of its summary-judgment motion.[3] For the reasons that follow, I will stay discovery.

## II. I will stay all discovery.

The Peltiers argue that they should be allowed to pursue discovery on the merits, or at least on the elements of issue preclusion, because there exist genuine issues of material fact about whether (1) they had a full and fair opportunity to litigate the state-court action, (2) the issues were identical, (3) the judgment was based in part on factual grounds insufficient to meet the elements of fraud under the Bankruptcy Code, (4) applying issue preclusion could lead to an injustice, (5) newly discovered evidence was not available to the Peltiers at the trial, and (6) limiting the Peltiers' access to discovery would make issue preclusion unfair.[4]

### A. I have authority to stay discovery.

The scope of discovery is governed by Federal Rule of Civil Procedure (Civil Rule) 26, applicable through Federal Rule of Bankruptcy Procedure 7026. Discovery must be "proportional to the needs of the case, considering the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit."[5] The court may protect a party from undue burden or expense, including forbidding

---

[1] Complaint to Determine Dischargeability of Debt, docket item (DI) 1.
[2] Plaintiff's Motion for Summary Judgment (DI 13).
[3] Plaintiff's Motion to Stay Discovery Pending Ruling on Summary Judgment (DI 11) (stay motion).
[4] Defendants' Response in Opposition to Plaintiff's Motion to Stay Discovery (DI 21) at 4-5.
[5] Civil Rule 26(b)(1).

Page 2 – MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STAY etc.

discovery or limiting its scope.[6] And the court may limit discovery that is outside the permitted scope.[7]

If Van Loo is correct that the preclusive effect of the state court's judgment entitles it to judgment in this action, discovery on the merits would be wasteful or, in the words of Civil Rule 26, not "proportional to the needs of the case." In short, where there is a reasonable possibility that resolution of the threshold issue will end the action, it's appropriate to stay discovery.

### B. *I will stay discovery on the merits.*

The Peltiers' rationale for requesting discovery on the merits is that Oregon law requires me to inquire whether it would be fundamentally fair to apply preclusion, and it would be inherently unfair to give preclusive effect to a decision that's wrong. In *State Farm Fire and Cas. Co. v. Century Home Components, Inc.*,[8] the Oregon Supreme Court held it would "work an injustice" to give issue preclusive effect to a judgment "[i]f the circumstances are such that our confidence in the integrity of the determination is severely undermined, or that the result would likely be different in a second trial."

Taken out of context, the suggestion that preclusion does not apply when "the result would likely be different in a second trial" might seem to support the idea that a court must always consider whether a prior decision is right or wrong before giving it preclusive effect. But that reading of *State Farm* would effectively destroy the doctrine of preclusion, which bars relitigation of the merits of a previous decision.

---

[6] Civil Rule 26(e)(1).
[7] Civil Rule 26(c)(2)(C)(iii).
[8] 550 P.2d 1185, 1190 (1976).

Page 3 – MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STAY etc.

In context, the *State Farm* quote refers to situations in which the previous decision is inherently untrustworthy—because the decision reflects nullification or compromise, the action was so insignificant that the losing party lacked an incentive to appeal, the decision is self-contradictory or contains obvious errors, or for some similar reason. The court did not hold that preclusion applies only to decisions that are correct—the precise inquiry that preclusion forbids.

*State Farm* did allow for possible relitigation if there is "newly discovered or crucial evidence that was not available to the litigant at the first trial."[9] The Peltiers argue that they have evidence that would have changed the outcome of the state-court action.[10] But they don't describe specific evidence that is newly discovered or crucial and that was not available to them at the trial. They contend only that they didn't present the evidence because they could not afford counsel and didn't participate in the state-court action.

I will stay discovery on the merits.

### C. I will also stay discovery on the issue-preclusive effect of the judgment.

The more difficult question is whether to allow discovery on the elements of issue preclusion itself. The Peltiers want to pursue discovery to show that there is a dispute of fact as to whether they had a fair opportunity to litigate the state-court action and whether preclusion would be fundamentally fair.

Kristine says in her declaration that she called someone at the state court, who told her to send a letter in response to the complaint, and that she did so.[11] The Peltiers don't argue that they wish to pursue discovery related to this letter. For summary-judgment purposes, they will be

---

[9] Id. at 1191.
[10] Declaration of Kristine Peltier attached to Defendants' Response in Opposition to Plaintiff's Motion to Stay Discovery [21] (Kristine's declaration) at 3 ¶ 5.
[11] Kristine's declaration at 1-2 ¶ 2.

Page 4 – MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STAY etc.

Case 21-03018-dwh    Doc 24    Filed 08/23/21

entitled to the benefit of the doubt as to the existence and contents of this call and letter. Discovery is unnecessary to support whatever argument they wish to make based on the call and letter.

Kristine also says that there was a "concerted effort" by named people to "intimidate and deter" the Peltiers from participating in the state-court action.[12] She says that discovery of those people's phone records "will reveal a conspiracy" against her to "take [her] down and ruin" her if she were to defend the state-court action.[13] Assuming these facts are relevant to whether the Peltiers had a fair hearing in the state court, it's not necessary to allow discovery into anyone's telephone records to address this question at summary judgment. Again, the Peltiers, as nonmovants, will be entitled to the benefit of any doubt about these facts. They know what was communicated to them and can present that information through declarations. Alternatively, if they submit declarations in their summary-judgment responses demonstrating that their alleged intimidation would suffice to deprive the judgment of issue-preclusive effect and that they cannot substantiate their claim of intimidation without third-party discovery, I can then consider whether to permit discovery on that issue.

Finally, the Peltiers argue that the issues resolved in the state-court action are not identical to the ones in this action.[14] Whether the issues in the state-court action were identical to those in this action depend the language of the complaints in the state-court action and this action—and on the law. The Peltiers don't suggest that they need discovery to obtain the state-court complaint, which should available from the state court records.

---

[12] Kristine's declaration at 17 ¶ 17.
[13] Kristine's declaration at 17 ¶ 17.
[14] Stay motion at 4-5.

Page 5 – MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STAY etc.

### III. Conclusion

I will enter a minute order grant the motion to stay discovery.

I will also cancel the pretrial conference now scheduled for August 31, 2021, extend the deadline for the Peltiers to file their papers opposing summary judgment through the 14th day after the date of this decision, and set a new date for hearing on the summary-judgment motion that accommodates the adjustment of the response deadline.

# # #

Page 6 – MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION TO STAY etc.

Case 21-03018-dwh    Doc 24    Filed 08/23/21